**ALMACENES FERNANDEZ, S. A., v. GOLODETZ et al.**

District Court, S. D. New York.

April 6, 1944.

Lundgren, Bartels & Lincoln, of New York City (John R. Bartels, of New York City, of counsel), for plaintiff.

Bigham, Englar, Jones & Houston, of New York City (John M. Aherne, of New York City, of counsel), for defendant Federal Ins. Co.

BRIGHT, District Judge.

Defendant Federal Insurance Company moves to dismiss the complaint. Upon the argument plaintiff consented as to the second cause of action, and defendant agreed that the third cause of action sufficiently stated a claim against it.

By the first cause of action plaintiff, a Mexican corporation, seeks recovery against all of the defendants. By its allegations it appears that the defendants doing business as M. Golodetz & Co., sold to plaintiff 1443 drams of caustic soda to be shipped from New York to Vera Cruz, at a price, including war risk insurance, payment to be made through letter

of credit from Manufacturers Trust Company as agent for plaintiff against presentation of sight draft, commercial invoice, ocean bills of lading, certificates of insurance, and consular invoice. The soda was delivered by Golodetz & Co. to the ocean carrying defendants in dented and rusted drums, unmerchantable and unfit for shipment, and they induced the carriers to issue false bills of lading acknowledging receipt of the soda "in apparent good order and condition."

The same defendants, before the sale, "induced" the Insurance Company to issue certificates of insurance covering the shipment, which did not disclose the damaged condition of the drums, but on the contrary the marks and numbers thereof were described to be in accordance with the bills of lading. Golodetz & Co. presented for payment to the Trust Company the sight drafts, invoices, ocean bills of lading, consular invoices and certificates of insurance, covering the shipment, and were paid $49,424.86.

It is then alleged that before the sale and that the presentation of the documents to the Trust Company, all of the defendants represented to plaintiff and the Trust Company, that the drums of soda were in good and merchantable condition, packed in unrusted and undented drums fit for shipment; that the representations were false and so known by the defendants other than the Insurance Company, and "should have been known" by the latter; were made to induce the payment mentioned and to induce plaintiff to receive the soda at Vera Cruz; that plaintiff and the Trust Company believed and relied on said representations; and so relying, made the payment, to plaintiff's damage.

By stipulation, between plaintiff and defendant Insurance Company, it is agreed that the representations made by the Insurance Company as to the condition and packing of the drums of soda consist solely of the statements contained in its certificate of insurance.

 By that certificate Federal certified that it insured for Golodetz & Co. the soda "valued at sum insured" shipped at and from New York to Vera Cruz, it being agreed that in case of loss the same is payable to M. Golodetz & Co. on surrender of the certificate, which conveys the right of collecting any such loss as fully as if the property were covered by a special policy direct to the holder thereof.

In the lower part of the certificate is a column headed "Marks and Numbers" under which are found "As per B/L" (conceded to mean bill of lading). This certificate contains no warranty or representation of quality, condition or merchantability. In fact the complaint does not allege that it does; it pleads only that it does not disclose the condition, "but on the contrary the marks and numbers thereof were described to be in accordance with the bills of lading". The words "valued at" are no representation but only a statement that the drums were valued by the shipper at the sum insured. And the words "As per B/L" refer only to the identification marks as shown on the bill of lading. There was no concealment; there was no need for it or for disclosure so far as Federal was concerned. It only insured against loss; it did not warrant the condition of the shipment, was not called upon to do so, and owed no duty to any one to make any statement upon that subject.

The motion to dismiss is granted as to the first and second causes of action and denied as to the third. Settle order on notice.